Naira DJANGIRYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71258.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homayun Zadeh, Esq., Law Office of Homayun Zadeh, San Francisco, CA, for Petitioner.

John T. Gibbs, Esq., United States Department of Justice, Lyle D. Jentzer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Naira Djangiryan, a native of the Soviet Union and citizen of Uzbekistan, petitions for review of a Board of Immigration Appeals decision that affirmed the ruling of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"Where, as here, the BIA adopts the IJ's credibility determination, we look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000) (citation omitted). We review for substantial evidence an adverse credibility determination, *see Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006), and we grant the petition and remand.

The IJ based her adverse credibility determination on the answers Djangiryan gave to the asylum officer during her initial interview, as reported in the Assessment to Refer. In reviewing those answers, the IJ determined that Djangiryan displayed a lack of knowledge of the Christian faith, and concluded that her testimony was fabricated. Because the asylum interview process lacks certain important indicia of reliability, the IJ's exclusive reliance on the Assessment to Refer was error, and the adverse credibility determination is not supported by substantial evidence. *See Singh v. Gonzales,* 403 F.3d 1081, 1087–90 (9th Cir.2005).

Accordingly, we grant the petition and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**